# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Lawrence Valentine,

      Petitioner

v.

State of Nevada, et al.,

      Respondents

2:17-cv-02032-JAD-PAL

**Order**

[ECF Nos. 1-1, 6, 7]

Petitioner Lawrence Valentine is serving a state-court sentence at the High Desert State Prison. He seeks release from custody, and he initiates this action by moving for "judgment nisi and a nil dicit default judgment and judgment quod billa cassetur and judgment of dismissal of the judgment of conviction."[1] These latin phrases are not appropriate vehicles to request the relief he desires. Valentine can only obtain the relief he seeks by filing a petition for a writ of habeas corpus. If he chooses to file a habeas petition, he must do so on the court's form, and he will need to name the warden of the High Desert State Prison as the respondent.

Valentine also moves for a temporary restraining order[2] and a preliminary injunction.[3] He asks the court to order the prison to let him have eye surgery at a facility outside of the prison. This is a claim regarding the conditions of Valentine's confinement, not the validity of his confinement. "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'"[4] Valentine will need to bring his eye-surgery

---

[1] ECF No. 5 at 11.

[2] ECF No. 6.

[3] ECF No. 7.

[4] *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 498–99 (1973)).

claims in a separate civil-rights action under 42 U.S.C. § 1983 for the relief he is requesting to be considered. I do not, however, make any statement as to whether Valentine can satisfy the procedural requirements for such an action or injunctive relief.

Accordingly, the **Clerk of Court is directed to file** the motion for judgment nisi, nil dicit default judgment, judgment quod billa cassetur, and judgment of dismissal of the judgment of conviction.

IT IS FURTHER ORDERED that the motion for judgment nisi, nil dicit default judgment, judgment quod billa cassetur, and judgment of dismissal of the judgment of conviction **[ECF No. 1-1]** is **DENIED**.

IT IS FURTHER ORDERED that the motion for a temporary restraining order **[ECF No. 6] is DENIED.**

IT IS FURTHER ORDERED that the motion for a preliminary injunction **[ECF No. 7] is DENIED.**

The **Clerk of Court is directed to SEND** Valentine a **petition for a writ of habeas corpus** under 28 U.S.C. § 2254 **form with instructions**. Valentine has until November 3, 2017, to file a petition for a writ of habeas corpus. If he files a habeas petition, **Valentine must write on it** the case number, 2:17-cv-02032-JAD-PAL. This November 3, 2017, deadline or any extension of that deadline does not signify any implied finding of a basis for tolling during the time period established. Valentine at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. **Failure to comply with this order will result in the dismissal of this action**.

The **Clerk of Court is also directed to SEND** Valentine a blank form for **an application to proceed *in forma pauperis*, a blank form for a civil rights complaint under 42 U.S.C. § 1983, and any associated instruction sheets.** Valentine must use these forms if he chooses to commence a new action and properly raise the same issues that he raised in his motions for a temporary restraining order and preliminary injunction.

The **Clerk of Court is directed to ADD Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents**, and to **SERVE upon respondents a copy of the**

2

**motion for judgment nisi, nil dicit default judgment, judgment quod billa cassetur, and judgment of dismissal of the judgment of conviction [ECF No. 1-1]** and this order. Respondents' counsel must enter a notice of appearance herein within 20 days of entry of this order, but no further response is required from respondents at this time.

DATED: October 3, 2017.

_____
Jennifer A. Dorsey
United States District Judge