UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Lawrence Valentine,

    Petitioner

v.

State of Nevada, et al.,

    Respondents

2:17-cv-02032-JAD-PAL

**Order**

[ECF Nos. 11, 12, 15, 16, 17]

After I denied pro se petitioner Lawrence Valentine's motions for (1) a temporary restraining order, (2) preliminary injunction, and (3) judgment,[1] he filed a declaration of entry of default,[2] a motion for reconsideration,[3] an *ex parte* request for immediate action,[4] and a motion for default judgment.[5] Valentine makes overlapping requests in these motions, so I consider them together.

First, Valentine asks for default judgment. Default judgment does not exist in federal habeas corpus actions.[6] Beyond that, Valentine has not yet filed a petition for a writ of habeas corpus, the court has not yet ordered a response, and respondents have not failed to do anything.

Second, Valentine repeats his claims about not receiving eye surgery in ECF Nos. 11 and 12, but then he drops those claims in ECF Nos. 15 and 16. As I told

---

[1] ECF No. 8.

[2] ECF No. 11.

[3] ECF No. 12.

[4] ECF No. 15.

[5] ECF No. 16.

[6] *Gordon v. Duran*, 895 F.2d 612 (9th Cir. 1990).

Valentine in my October 4, 2017, order, he needs to commence a separate civil-rights action under 42 U.S.C. § 1983 if he wishes to pursue those conditions-of-confinement or deliberate-indifference-to-serious-medical-needs claims. I still do not make any statement about whether Valentine can satisfy the procedural requirements for such an action or injunctive relief.

Third, Valentine argues once again that his custody is unconstitutional. I already explained to Valentine that he must file a petition for a writ of habeas corpus if he wishes to challenge the legality or duration of his confinement.[7] Valentine still has not filed a petition for a writ of habeas corpus, so I do not entertain his claims. I do, however, grant Valentine's motion for an extension of time so that he may file a proper petition for a writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that Valentine's declaration of entry of default **[ECF No. 11]**, motion for reconsideration **[ECF No. 12]**, *ex parte* request for immediate action **[ECF No. 15]**, and motion for default judgment **[ECF No. 16]** are **DENIED**.

IT IS FURTHER ORDERED that Valentine's motion for extension of time **[ECF No. 17] is GRANTED**. Valentine has until December 4, 2017, to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, or this case will be dismissed and closed.

The **Clerk of the Court** is directed to **SEND to Valentine a blank § 2254 petition form and instructions to complete it.**

DATED: November 1, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[7] ECF No. 8.